**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| REYNALDO BOCANEGRA GARCIA, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-3911 <br><br> Agency No. A208-121-572 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026**
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.***

Reynaldo Bocanegra Garcia ("Bocanegra Garcia"), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

dismissing his appeal from an order of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* "When the BIA adopts and affirms an IJ's decision and cites its *Burbano* decision," we "review the IJ's decision as if it were that of the BIA." *Tista v. Holder*, 722 F.3d 1122, 1125 (9th Cir. 2013) (quoting *Samayoa-Martinez v. Holder*, 558 F.3d 897, 899 (9th Cir. 2009)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the IJ's determination that Bocanegra Garcia's application for asylum is untimely. Applications for asylum must be filed within one year after the date of the individual's arrival in the United States, but this filing timeline may be excused by "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay." 8 U.S.C. § 1158(a)(2)(D); *see Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011). We review the IJ's determinations regarding the extraordinary circumstances for substantial evidence. *See Ruiz v. Bondi*, 163 F.4th 586, 599 (9th Cir. 2025). Bocanegra Garcia entered the United States in 2005 but did not apply for asylum until 2017.

The IJ explained that Bocanegra Garcia did not meet his burden of proving an exception to the filing requirement. Bocanegra Garcia's claim for an exception is on the basis that he believed the individual responsible for his brother's murder, Timoteo Morales Acevedo ("Acevedo"), was to be released from prison in 2017. Because Acevedo had threatened Bocanegra Garcia and his family, Acevedo's impending release made the threats more immediate. The IJ explained that Bocanegra Garcia did not meet his burden of proving an exception to the filing requirement, in part because Acevedo remained in prison as of 2021 and therefore Bocanegra Garcia's cited change of circumstances was not evident. Accordingly, the evidence does not compel finding that Bocanegra Garcia qualifies for the exception.

2. Substantial evidence supports the IJ's denial of withholding of removal.[1] For withholding claims, a petitioner must show that "it is more likely than not that he would be subject to persecution on one of the specified grounds." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (quoting *Robleto-Pastora v. Holder*,

---

[1] A claim for withholding is not subject to the same statutory filing deadline as asylum. *Shire v. Ashcroft*, 388 F.3d 1288, 1294 (9th Cir. 2004). Regardless, the IJ proceeded to address the merits of both asylum and withholding claims. Because the following discussion on withholding would apply to Bocanegra Garcia's asylum claim on the merits, we would similarly find that substantial evidence supports denial of asylum as well. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (discussing the nexus standard for both asylum and withholding claims).

591 F.3d 1051, 1057 (9th Cir. 2010)). "The agent(s) of persecution must be 'the government or . . . persons or organizations which the government is unable or unwilling to control.'" *Robleto-Pastora*, 591 F.3d at 1057 (alteration in original) (quoting *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004)). The IJ denied relief on the grounds that Bocanegra Garcia failed to establish both past persecution and a nexus to his membership in a particular social group ("PSG"). The BIA assumed for the purposes of review that Bocanegra Garcia is a member of a cognizable family-based PSG but adopted and affirmed the remainder of the IJ's decision.

Substantial evidence supports the IJ's finding that Bocanegra Garcia failed to demonstrate past persecution. The IJ observed that Bocanegra Garcia continued to live unharmed in the same town for four years after his brother's murder, as did his family who still live there. Although the IJ recognized Bocanegra Garcia received threats from people Acevedo knew, the IJ reasoned that such threats were not by Acevedo directly. As we have held, threats, without more, do not necessarily constitute past persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). As such, Bocanegra Garcia "has not presented evidence that *compels* such a finding." *Marcos v. Gonzales*, 410 F.3d 1112, 1119 (9th Cir. 2005).

Substantial evidence also supports the IJ's no-nexus finding. We have explained that there is a difference between targeting a family member "as an

instrumental means" of furthering some other goal, and being "motivated intrinsically by [the] familial relationship." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023). "Purely personal retribution" is not persecution "on account of" a protected ground. *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001). Here, the record adequately supports the IJ's conclusion that the harm Bocanegra Garcia fears is "one of a fear of vengeance or reprisal from Acevedo, but not a matter of persecution on account of family membership." The IJ pointed out that the letter provided by petitioner's mother does not mention her testifying in court against Acevedo, and Bocanegra Garcia testified he did not attend the court proceedings and could not offer any details on her testimony. The record therefore does not compel the conclusion that Bocanegra Garcia's family membership is "a reason" Acevedo would harm him. 8 U.S.C. § 1231(b)(3)(C).

3. Finally, substantial evidence supports the IJ's determination that Bocanegra Garcia failed to establish eligibility for CAT protection. To qualify, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). This torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Bocanegra Garcia did not demonstrate that he would more likely than not be tortured in Mexico by, or with the consent or

acquiescence of, a public official. First, he did not establish the state-action prong. As the IJ held, there was no connection between Acevedo and Mexican government officials. Further, Bocanegra Garcia did not establish that torture is likely upon his return. The IJ explained that no past torture was alleged, and, moreover, Bocanegra Garcia's family has continued to live in the same town without harm. We have held that this is one basis for deeming insufficient evidence of likelihood of torture. *See Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010).

Finally, based on the country conditions report, the IJ recognized that Mexican prison conditions were harsh, but Bocanegra Garcia did not claim that he might be detained or held in custody upon returning to Mexico. Bocanegra Garcia argues that the government would not protect him from general crime. However, we have held that "evidence that a government has been generally ineffective in preventing or investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). The record thus does not compel the conclusion that Bocanegra Garcia is likely to be tortured with the consent or acquiescence of a Mexican official.

**PETITION DENIED.[2]**

---

[2] The motion for stay of removal, Dkt. 2, is denied.

25-3911